UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-495-MOC-DCK

| ALEXANDRA PEOPLES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, pro se, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| EQUIFAX INFORMATION SOLUTIONS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss filed by Defendant Equifax Information Services LLC[1] pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 3).

**I.      BACKGROUND**

Pro se Plaintiff Alexandra Peoples is resident of Charlotte, North Carolina. Defendant Equifax Information Solutions is a consumer reporting agency. On or around August 7, 2023, Plaintiff filed this action against Equifax, seeking statutory damages and costs related to alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et seq. In her Complaint, Plaintiff alleges that she applied for an auto loan from six different lenders and the lenders denied her applications. See (Doc. No. 1 ¶ 11). She alleges that on or around May 25, 2023, she looked at her consumer credit report, transactions, and submitted payments. (Id. ¶ 13). Plaintiff "believe[s] there was a discrepancy in the timing of payments being reported along with the

---

[1] Plaintiff incorrectly identified Defendant as Equifax Information Solutions ("Equifax") in the Complaint.

-1-

balance of the remaining account being higher than expected" for at least six accounts. (Id.). Plaintiff alleges that she disputed the accuracy of the accounts. (Id.). She further contends that the account information remained the same after Defendant conducted a reinvestigation. (Id. ¶ 14). She alleges that "[t]his leads plaintiff to believe that Defendant did not reinvestigate, compile, and furnish a proper consumer report pursuant to 15 USC 1681a(e) and that they also did not prepare the report following reasonable procedures to maintain maximum possible accuracy pursuant to 15 USC 1681e(b)." (Id. ¶ 15). She alleges that "Defendant also did not provide notification of a dispute pursuant to 15 USC 1681i(2)(A)." (Id. ¶ 17). Plaintiff alleges that Defendant has "willfully . . . repeatedly failed to perform reasonable investigations of the above dispute," thus negatively affecting Plaintiff's credit history. (Id. ¶ 18). Based on these allegations, Plaintiff brings claims against Defendant for a willful violation of the FCRA. Plaintiff seeks compensatory damages, statutory damages, and injunctive relief.

On August 31, 2023, Defendant filed the pending motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff fails to allege facts sufficient to support a claim for relief. (Doc. No. 3). On September 1, 2023, the Court issued a notice to Plaintiff advising her that she had 14 days to respond. (Doc. No. 5). Plaintiff failed to respond, and the time to do so has passed. This matter is ripe for disposition.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S.

828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining whether the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint survives if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of Rule 12(b)(6), a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Well-pleaded factual allegations, however, are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Finally, while a court may construe a pro se Plaintiff's complaint liberally, the complaint must still allege "'facts sufficient to state all the elements of [the plaintiff's] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

Plaintiff asserts claims under 15 U.S.C. §§ 1681e(b) and 1681i of the FCRA. The FCRA imposes various requirements on credit reporting agencies, including providing accurate information, correcting inaccurate information, and conducting reasonable investigations after receiving notices of a disputes from a consumer over the consumer's credit reports. See Perez v. Experian, No. 20CV9119PAEJLC, 2021 WL 4784280, at *5 (S.D.N.Y. Oct. 14, 2021), report and recommendation adopted, No. 20CIV9119PAEJLC, 2021 WL 5088036 (S.D.N.Y. Nov. 2, 2021). Sections 1681e(b) and 1681i of the FCRA require a plaintiff to plead and prove an inaccuracy in her credit report or credit file. Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001); Perry v. Toyota Motor Credit Corp., No. 1:18CV34, 2019 WL 332813, at *4 (W.D. Va. Jan. 25, 2019). Specifically, "to make out a 'violation under § 1681e(b) a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." Dalton, 257 F.3d at 409 (quoting Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995)); see also Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 (11th Cir. 2009) (per curiam). "[A]s under § 1681e(b), a consumer alleging a violation of § 1681i 'must first show that his credit file contains inaccurate or incomplete information.'" Perry, 2019 WL 332813, at *4 (quoting Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009)) (internal quotation and citation omitted). Consequently, without pleading an inaccuracy Plaintiff does not have a valid claim under either § 1681(i) or § 1681e(b).

Here, Plaintiff alleges nothing more than vague and conclusory statements without any "further factual enhancement." Twombly, 550 U.S. at 546. Plaintiff's Complaint simply repeats

-4-

the conclusion that Equifax reported "inaccurate" information. The Complaint lacks any concrete factual allegations regarding reporting of any inaccurate credit information. Plaintiff's allegation that she "believed there was a discrepancy in the timing of the payments" and "the balance of the remaining accounts being higher than expected" is not sufficient to plead an inaccuracy. (Doc. No. 1 ¶ 13). Plaintiff has not explained why Equifax reporting certain payments on her balance was inaccurate. Moreover, Plaintiff does not deny that there were payments on these accounts or a certain balance. Rather, she alleges that it is her subjective belief that there was a "discrepancy." Plaintiff's subjective belief is not sufficient to plead an inaccuracy: "the standard of accuracy embodied in [the FCRA] is an objective measure." Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1158 (11th Cir. 1991); see also Barakat v. Equifax Info. Servs., LLC, No. 16-10718, 2017 WL 3720439, at *3 (E.D. Mich. Aug. 29, 2017) (citing Dickens v. Trans Union Corp., 18 F. App'x 315, 318 (6th Cir. 2001)) ("Courts have repeatedly held that a personal opinion is 'mere speculation that the notation was misleading' and is therefore insufficient to support a claim of inaccuracy under the FCRA."); Gomez v. EOS CCA, No. CV-18-02740-PHX-JAT (DMF), 2020 WL 3271749, at *3 (D. Ariz. June 17, 2020) (quoting Shaw v. Equifax Info. Sols., Inc., 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016)) ("A consumer's personal opinion or speculation is 'insufficient to support a claim of inaccuracy under the FCRA.'"); Bailey v. Equifax Info. Servs., LLC, No. 13-cv-10377, 2013 WL 3305710, at *5 (E.D. Mich. July 1, 2013) (conclusory allegations of inaccuracy are insufficient); Elsady v. Rapid Global Bus. Sols., Inc., No. 09-cv-11659, 2010 WL 2740154, at *7 (E.D. Mich. July 12, 2010) ("[A] plaintiff's mere assertion that a report was misleading, or even his proof that a lay person would be mislead, is insufficient to establish that a report was misleading and, therefore,

inaccurate.").

Plaintiff's "willfulness" claim similarly fails to allege factual allegations. "Willfully" means either knowingly or with reckless disregard. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 58–59 (2007). To state a willfulness claim, Plaintiff must allege that (1) Equifax had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) Equifax ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. Id.; Levine v. World Fin. Network Nat'l Bank, 554 F.3d 1314, 1318 (11th Cir. 2009).

Plaintiff has failed to plead either willfulness prong. Plaintiff must show that Equifax acted in a manner that made it highly probable harm would follow. Safeco, 551 U.S. at 69. Where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant merely adopting one such interpretation cannot be found to have willfully violated the FCRA. Id. at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and still not be considered willful. Id. at 69–70. In other words, an interpretation that favors the agency must be "objectively unreasonable" under either the text of the Act or guidance from a court of appeals or regulatory authority that might have warned a defendant away from the view it took. Levine, 554 F.3d at 1318.

Here, Plaintiff has failed to identify a practice or policy of Equifax that is objectively unreasonable, and merely argues that Equifax "willfully, intentionally, recklessly and negligently failed to perform reasonable reinvestigations." (Doc. No. 1 ¶ 18). These allegations are not enough to state a claim for willfulness. See Messano v. Experian Info. Solutions, Inc., 251 F. Supp. 3d 1309, 1316 (N.D. Cal. May 8, 2017) (dismissing willfulness claim where plaintiff

-6-

failed to plead inaccuracy). Neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone, can amount to willful noncompliance with the FCRA. See, e.g., Hill v. Equifax Info. Servs., LLC, 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013). Moreover, a CRA's failure to identify inaccurate information after receiving a dispute is still not enough to establish a willful violation of the FCRA. Robertson v. Experian Info. Sols., No. 1:CV-09-0850, 2010 WL 1643579, at *5 (M.D. Pa. Apr. 22, 2010).

Rather than dismissing the action with prejudice at this time, the Court will give Plaintiff <u>one</u> opportunity to amend her Complaint to specify the factual allegations supporting her claim.[2]

### IV. CONCLUSION

For the reasons stated herein, the Court will order Plaintiff to file an amended complaint to provide factual allegations to support her claims.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty days in which to amend her complaint. If Plaintiff does not submit an amended complaint within thirty days of entry of this Order, the Court will enter an order dismissing Plaintiff's original Complaint based on the analysis in this Order.

Signed: October 18, 2023

Max O. Cogburn Jr
United States District Judge

---

[2] While Defendant opposes allowing an amendment as futile, the Court will, in its discretion, give Plaintiff one opportunity to amend her Complaint to provide specific factual allegations supporting her claim.

-7-